**NOT SCHEDULED FOR ORAL ARGUMENT**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

| | |
|---|---|
| ALASKA COMMUNITY ACTION ON TOXICS, et al., <br><br> *Petitioner*, <br><br> v. <br><br> U.S. ENVIRONMENTAL PROTECTION AGENCY, et al., <br><br> *Respondents*. | Case No. 25-158 <br><br> (and consolidated case) |

**<u>RESPONDENTS' OPPOSITION TO LABOR PETITIONER'S MOTION TO SUPPLEMENT THE RECORD</u>**

Respondents United States Environmental Protection Agency , et al.,[1]

respond to Labor Petitioner's[2] motion to supplement the record, Dkt. No. 25, as

follows:

1.      Labor Petitioner seeks to supplement the administrative record with a

declaration by Dr. Darius Sivin ("Sivin Declaration") that was not before EPA

---

[1] Respondents in these consolidated petitions are the United States Environmental Protection Agency and Lee M. Zeldin, in his official capacity as Administrator of the United States Environmental Protection Agency (collectively, "EPA").

[2] Petitioners in these consolidated petitions are composed of two groups: (1) United Automobile, Aerospace & Agricultural Implement Workers of America, AFL-CIO (Labor Petitioner); and (2) and Environmental Defense Fund and Alaska Community Action on Toxics (collectively, Environmental Petitioners).

during the rulemaking process and thus is not properly part of the administrative record of the final rule. Dkt. No. 25. As described by Labor Petitioner, the declaration "augments the description" of Dr. Sivin's efforts to obtain information about the chemicals that union members are exposed to, which labor unions previously provided in comments to EPA. *Id.* ¶ 2. But there is no lawful basis for the Labor Petitioner to "augment" information before this Court that was not before the agency when it rendered its decision. *See id.*

2.      Labor Petitioner asserts that it offers the Sivan declaration for two purposes: (1) establish injury in fact and that Labor Petitioner has an interest in "the transparency of EPA's new chemical procedures," and (2) provide greater detail of Dr. Sivin's efforts to obtain new chemical information than previously provided in labor unions' comments. To be clear, EPA does not dispute that petitioners may file declarations for the limited purpose of establishing standing. But Labor Petitioner does not even *address* standing in its brief, much less confine its use of the declaration to just that permissible purpose. *See generally* Labor Br. (Dkt. No. 24.1).

3.      Instead, Labor Petitioner cites the Sivin declaration in its Statement of the Case to purportedly set the stage for its merits arguments. *Id*. at 11-13.  But it is irrelevant even for this purpose.  Labor Petitioner's main argument in this action is that EPA insufficiently considered the comments labor unions submitted. *See*

2

*generally id.* Adding additional information that was never before the agency has no bearing on this challenge. Nor is the "greater detail," Dkt. No. 25 ¶ 5, necessary for Labor Petitioner's purely legal argument that the Toxic Substances Control Act ("TSCA") should be interpreted to require EPA to mandate additional disclosure procedures. *Id.* at 18-23.

4. Regardless of Petitioner's intention, because the declaration was not before EPA during the rulemaking process, the Court should not consider it now.

5. Judicial review of agency action is limited to the administrative record on which the agency's decision was made. *Thompson v. U.S. Dept. of Labor*, 885 F.2d 551, 555 (9th Cir. 1989). The administrative record "consists of all documents and materials directly or *indirectly* considered by agency decision-makers." *Id.* Accordingly, "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts*, 411 U.S. 138, 142 (1973); *Friends of the Earth v. Hintz*, 800 F.2d 822, 831 (9th Cir. 1986).

6. Only limited circumstances can justify expanding judicial review beyond the agency's administrative record. *Pub. Power Council v. Johnson*, 674 F.2d 791, 793 (9th Cir. 1982). An agency's record may be supplemented (1) when necessary to determine whether the agency has considered all relevant factors and has explained its decision, (2) when the agency has relied on documents not in the

record, (3) when necessary to explain technical terms or complex subject matter, or (4) when the petitioner makes a showing of agency bad faith. *Ctr. for Biological Diversity v. FWS*, 450 F.3d 930, 943 (9th Cir. 2006). "It is the [petitioner's] burden to demonstrate that one or more of these exceptions apply." *Parravano v. Babbitt*, 837 F. Supp. 1034, 1039 (N.D. Cal. 1993) aff'd, 70 F.3d 539 (9th Cir. 1995).

7.      The Ninth Circuit has recognized these "narrow exceptions" to the record review rule and made it clear that these exceptions are to be "narrowly construed and applied" so that they "do[] not undermine the general rule." *Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005); *Pub. Power Council*, 674 F.2d at 794 (exceptions must be applied cautiously to avoid swallowing the rule). Labor Petitioner thus has a "heavy burden" of showing that the Sivin Declaration falls within one of these narrow exceptions to the record review rule and are "*necessary* to adequately review the [agency]'s decision." *Fence Creek Cattle Co. v. U.S. Forest Serv.*, 602 F.3d 1125, 1131 (9th Cir. 2010) (emphasis added).

8.      Here, Labor Petitioner does not even attempt to demonstrate any lawful basis to supplement the record.  Instead, it vaguely asserts it wants to "augment" comments provided to EPA during the notice and comment process. Dkt. No. 25 ¶ 2.

9.      Regardless, it would be inappropriate to supplement the record with the Sivin Declaration. First, nothing in this declaration is "necessary to determine

4

whether the agency has considered all relevant factors and has explained its decision." *Ctr. for Biological Diversity*, 450 F.3d at 943. As noted above, Labor Petitioner here asserts that EPA insufficiently addressed the information that labor unions submitted to the agency. *See generally* Labor Br. (Dkt. No. 24.1). But the declaration has nothing to do with EPA's consideration of information labor unions submitted, and instead merely seeks to provide information they did *not* submit. And indeed, Labor Petitioner *could* have provided this declaration to EPA during the rulemaking process and simply did not. They now seek to "augment" the information they did provide. Dkt. No. 25 ¶ 2. Thus, Dr. Sivin and the labor unions already had the opportunity to provide this more detailed account to EPA but chose not to. Labor Petitioner cannot now attempt to take a second bite of the same apple while challenging the rule on an unrelated basis.

10.     Additionally, the declaration is not "necessary" for Labor Petitioner's argument that the TSCA should be interpreted to require EPA to mandate additional disclosure procedures. In fact, Labor Petitioner does not cite the declaration *at all* in its argument. *See generally* Labor Br. All information necessary to decide this purely legal question is appropriately in the record. *Ctr. for Biological Diversity*, 450 F.3d at 943.

11.     Second, nothing in this declaration demonstrates "the agency has relied on documents not in the record." *Ctr. for Biological Diversity*, 450 F.3d at

5

943.  To the contrary, Labor Petitioner admittedly seeks to add a *new* document in this petition for review.

12.     Third, the declaration does not "explain technical terms or complex subject matter." *Id*.  It simply documents one person's personal experience in one circumstance.

13.     Finally, the declaration does not demonstrate any "agency bad faith." *Id*.  And indeed, it could not; there is no bad faith to be shown.

14.     In short, Dr. Sivin's augmented description was not in front of the Agency during its decisionmaking process and is therefore not part of the administrative record. The Court's focus during its review of EPA's action should be on how the Agency responded to the comments in the record, not an "augment[ation]" of those comments the Agency never even saw. *See Camp*, 411 U.S. at 142.

15.     For the foregoing reasons, the Court should deny Labor Petitioner's motion to supplement the record.

March 2, 2026                                    Respectfully submitted,

ADAM R.F. GUSTAFSON
*Principal Deputy Assistant Attorney General*

*Of Counsel:*                                    /s/ Rachel D. Martinez
ELIZABETH THALER                    RACHEL D. MARTINEZ
DEVI CHANDRASEKARAN          KIMERE J. KIMBALL
Office of the General Counsel       Environmental Defense Section
U.S. Environmental Protection Agency   Environment and Natural Resources Division

6

Washington, D.C.

U.S. Department of Justice
P.O. Box 7611
Washington, D.C.  20044
(202) 288-1951 (Martinez)
Rachel.Martinez@usdoj.gov
Kimere.kimball@usdoj.gov

*Counsel for Respondents*

## CERTIFICATE OF COMPLIANCE

This response complies with the type-volume limitation of Federal Rules of Appellate Procedure 27(d)(2) and 32(a)(7)(B) because it uses a monospaced typeface and contains 1243 words, excluding the parts of the motion exempted by Federal Rule of Appellate Procedure 32(f).

This response complies with the typeface requirements of Federal Rules of Appellate Procedure 27(d)(1) and 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in 14-point typeface using Time New Roman font.

Dated: March 2, 2026            */s/ Rachel D. Martinez*
                                      Rachel D. Martinez

                                      *Counsel for Respondents*

**CERTIFICATE OF SERVICE**

I hereby certify that I e-filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on March 2, 2026.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Dated: March 2, 2026            */s/ Rachel D. Martinez*
                                              Rachel D. Martinez

                                              *Counsel for Respondents*