

August 5, 2026

Molly Dwyer, Clerk
U.S.Court of Appeals for the 9th Circuit
95 Seventh Street
San Francisco, CA 94103

Re: International Union, UAW v. EPA, No. 25-572 – Scheduled for Oral Argument on August 13, 2026

To the Court:

Petitioner UAW submits this letter pursuant to FRCP 28(j) and Circuit Rule 28-6, to bring to the Court's attention two recent D.C. Circuit decisions: *Thrivent Financial for Lutherans v. SEC,* Case No. 25-1047 (D.C. Cir., July 21, 2026), and *Beyond Nuclear, Inc., et al. v. U.S. Nuclear Reg. Comm'n,* Case No. 24-1318 (D.C. Cir. July 21, 2026). In each case, despite noting that, under the particular circumstances, the agency was due a "high degree of deference" – a fact not present in this case -- the court required a substantive analysis to survive review under the Administrative Procedure Act (APA). The cases are therefore relevant to the UAW's challenge here. *See* UAW Opening Brief at 3, 29; UAW Reply Brief at 7.

The court in *Thrivent Financial* wrote that "to survive arbitrary and capricious review . . . the agency must provide assurance that it considered the relevant factors, and it must provide an analysis that follows a discernible path to which the court may defer." *Id.* at 9-10 (internal citations omitted). Using this standard, the court rejected the agency's cursory denial of the petitioners' rulemaking request, which "consist[ed] of nothing more than boilerplate," without engaging with the petitioners' concerns. *Id.* at 2, 11. EPA's response to the Union's substantive comments here similarly consists of "mere conclusory statements" (*id.* at 9) that fail to satisfy the APA's demands.

In *Beyond Nuclear,* the court held that even under a highly deferential standard, the APA requires an agency to "adequately explain its action, and . . . respond in a reasoned manner to comments that raise significant problems or challenge a fundamental premise of its action." *Slip op.* at 7. Rejecting the petitioners' argument that NRC "ignored their issue" by rejecting some arguments as "outside the scope" of the rulemaking, the court found the agency had explained why the petitioners' preferred approach would not have altered the agency's analysis. *Id.* By contrast, EPA dismissed the Unions' concerns in this case as "outside the scope" of the rulemaking, without any meaningful analysis.

Respectfully submitted,

/s/ *Randy Rabinowitz*
Randy S. Rabinowitz, Esq.
Victoria L. Bor, Esq.
Occupational Safety & Health Law Project, LLC
P.O. BOX 3769
Washington, DC 20027
202 256-4080

*Attorneys for Petitioner UAW*

CERTIFICATE OF COMPLIANCE AND SERVICE

I certify that the above letter contains 338 words in the body and therefore meets the requirements of Fed. R. App. P. 28(j).

I further certify that a copy of this letter was served on counsel of record using the Court's ACMS system on August 5, 2026.

<u>/s/ Randy S. Rabinowitz</u>